UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL MINUTE ORDER FOR SUPERVISED RELEASE VIOLATION

Date: January 19, 2016 time in court: 39 minutes

Case No. CR-14-00563-001 JSW Judge: Jeffrey S. White

United States of America v. Marvin Moore
Defendant
Present (X) Not Present ( ) In-Custody (X)

Thomas Green
U.S. Attorney

John Reichmuth
Defense Counsel

Deputy Clerk: Jennifer Ottolini
Court Reporter: Diane Skillman
USPO: Nicole Brown

## PROCEEDINGS

REASON FOR HEARING: Supervised Release Violation Proceedings

RESULT OF HEARING:

The defendant is sworn and the Court voir dired the defendant re: Admissions.

Violation No. 1: _X_ admit ___ deny

*violated standard condition no. 2, which states that the defendant shall submit a truthful and complete written report within the first five days of the month.*

Violation No. 2: _X_ admit ___ deny

*violated special condition that the defendant comply with the requirements of the U. S. Probation Computer Monitoring Program, as directed.*

Violation No. 3: _X_ admit ___ deny

*violated special condition that the defendant comply with the requirements of the U. S. Probation Computer Monitoring Program, as directed.*

Violation No. 4: _X_ admit ___ deny

*violated special condition that states the defendant shall not possess any "sexually explicit material", as defined in 18 USC § 2256(2) .*

The term of supervised release is revoked and the defendant is sentenced to the custody of the Bureau of Prisons for a period of 24 months; followed by 15 years Supervised Release. Obey all laws and the standard conditions of release and the following additional conditions:

1. Shall not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of accessing the internet or processing or storing data as described at 18 U.S.C. § 1030(e)(1) (including cell phones), and all peripheral devices;
2. Shall enroll in the probation office's Computer and Internet Monitoring Program (CIMP) and shall abide by the requirements of the CIMP program and the Acceptable Use Contract, as directed by the Probation Officer;
3. Shall not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer;
4. Shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use;
5. Shall not possess or use any data encryption technique or program;
6. Shall not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8);
7. Shall not access, via the Internet or otherwise, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer;
8. Shall not frequent or loiter within 100 feet of any location where children are likely to gather, or have contact with any child under the age of 18 unless otherwise approved by the probation officer;
9. Employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer;
10. Residence shall be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer;
11. Shall participate in sex offender-specific treatment, as directed by the probation officer;
12. Shall submit to polygraph testing as recommended by the treatment provider, as part of the treatment program. However, the defendant retains his Fifth Amendment right to refuse to answer questions asked during the course of treatment absent a grant of use and derivative-use immunity;
13. Shall submit to psychological testing as recommended by the treatment provider, as part of the treatment program;
14. Shall participate in a sex offender treatment program, as directed by the Probation Officer.