UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARVIN MOORE,<br><br>    Defendant. | Case No. 14-cr-00563-JSW-1<br><br>**ORDER DENYING MOTION TO REDUCE TERM OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 30 |

This matter comes before the Court upon consideration of Defendant's *pro se* motion to reduce his term of supervised release. The Probation Office has filed a response stating that it does not oppose the motion. The Government opposes the motion. The deadline for Defendant to file his reply has passed, and in his motion he stated that he waives a hearing on the motion. For the reasons that follow, the Court DENIES the motion.

Defendant moves for relief pursuant to 18 U.S.C. section 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c). Section 3583(e)(2) provides that "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) … modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *Cf. Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001) (suggesting Section 3583(e)(2) could be used to reduce term of supervised release).

Having considered the Section 3553(a) factors, the Court DENIES Defendant's motion. According to the Probation Officer, Defendant is not currently employed because he lost his job due to the COVID-19 pandemic, but he is working toward an adult education certificate. Thus, the factors in Section 3553(a)(2)(D) might favor a reduction in his term. The need to provide

restitution would appear to be neutral. *See* 18 U.S.C. § 3553(a)(7).

Defendant was subject to a term of supervised release of 5 years to life, and the current term falls within the applicable sentencing range. Defendant, who bears the burden on this motion, has not demonstrated that the term of supervise release creates unwarranted sentencing disparities between himself and defendants found guilty of similar conduct *See* 18 U.S.C. § 3553(a)(4), (6).

Defendant's original offense was serious and could have subjected him to a substantial term of incarceration. Defendant received the benefit of a sentence that was below the Guidelines range. When Defendant appeared before this Court for sentencing on a supervised release violation, the Court concluded that a term of 15 years of supervised release was appropriate. In the Court's opinion the term of supervised release imposed at sentencing and reimposed upon the violation of his conditions of supervised release reflects a recognition of the severity of Defendant's crime as well as the need to afford adequate deterrence and the need to protect the public. *See* 18 U.S.C. 3553(a)(1), (2)(B)-(C).

Defendant has generally performed well on his current term of supervised release. Since it reimposed his 15 year term, the Court received one request take judicial notice of issues relating to computer usage. However, the Court would not characterize the record as the type of "exceptionally" good behavior that might warrant reducing the existing term of supervised release. Neither Defendant nor the Probation Officer cite to any changed circumstances in Defendant's life that might make the current term too harsh. *Cf. United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing changed circumstances or exceptionally good behavior as reasons that might warrant a modification to a term or condition of supervised release).

The Court has carefully considered the Probation Officer's recommendation that a reduced term of supervised release would motivate Defendant to continue with his current compliance. The Court does not consider that to be an adequate reason to reduce the term of supervised release. *See id.* Defendant has been required to participate in the Probation Office's Computer and Internet Monitoring Program and is required to abide by the requirements of that program and the Acceptable Use Contract. If the Probation Officer believes that a modification of those terms

1  might be warranted and that an order from this Court to effectuate a modification is necessary, it
2  may seek that relief from the Court.  *See generally United States v. Carter*, No. 20-cr-253-1-VC, --
3  F. Supp. 3d --, 2021 WL 1246772 (N.D. Cal. Apr. 5, 2021).
4      Accordingly, the Court DENIES Defendant's motion.  This ruling is without prejudice to
5  Defendant renewing this request at some point in the future and before the expiration of the term
6  of supervised release.
7      **IT IS SO ORDERED**.
8  Dated: July 6, 2021

                                                            _____
                                                            JEFFREY S. WHITE
                                                            United States District Judge